# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 9, 2012

141457(51)

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

STEVEN DANIEL SMOOT,
          Defendant-Appellant.
_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 141457
COA: 289540
Grand Traverse CC:
08-010647-FH

On order of the Court, the motion for reconsideration of this Court's October 5, 2011 order is considered, and it is DENIED, because it does not appear that the order was entered erroneously.

CAVANAGH and HATHAWAY, JJ., would grant the motion for reconsideration.

MARILYN KELLY, J. (*dissenting*).

I dissent. I would grant reconsideration and grant defendant's application for leave to appeal.

Defendant was charged with three counts of third-degree criminal sexual conduct involving force or coercion.[1] The jury convicted him of one of those counts. This suggests that the jury did not find entirely credible the victim's assertion that she did not consent to any sexual activity with defendant. And this case turned on a credibility contest between the complainant and defendant regarding consent.

Further complicating matters, the prosecutor engaged in blatant misconduct. Her transgressions included arguing to the jury that defendant's lack of a steady job and income gave him a motive to sexually assault the complainant. As the Court of Appeals noted, "[s]uch an argument is the archetype of unfounded character assassination

---

[1] MCL 750.520d(1)(b).

expressly prohibited by our Supreme Court . . . ."[2]  This inflammatory argument may well have cast doubt on defendant's credibility and been the deciding factor that led the jury to conclude that he preyed on the complainant.

This misconduct was not isolated.  It was part of a troubling pattern that persisted throughout the trial.  The prosecutor ignored the trial court's rulings and engaged in deliberate dishonesty in an effort to obtain a conviction.  The Court of Appeals aptly summarized the extent of the misconduct and the closeness of the question of whether defendant's rights were violated:

> Our review of the entire record in this matter creates a close question regarding whether the cumulative effect of the assistant prosecutor's instances of misconduct deprived defendant of a fair trial.  When expressly told by the trial court not to engage in eliciting certain testimony, the assistant prosecutor ignored the trial court's clear and express ruling and was justly admonished.  When asked who would be called to testify as rebuttal witnesses, the assistant prosecutor provided the trial court and defense counsel with inaccurate information.  Lastly, the assistant prosecutor asked questions of defendant and made legal arguments which had been expressly forbidden by our Supreme Court since 1975.[3]

This Court should not summarily conclude that the prosecutorial misconduct did not deprive defendant of a fair trial.  It should not allow the misconduct to pass without comment.[4]  Accordingly, I would grant reconsideration and grant defendant's application for leave to appeal.

---

[2] *People v Smoot*, unpublished opinion per curiam of the Court of Appeals, issued June 1, 2010 (Docket No. 289540), p 11, citing *People v Johnson*, 393 Mich 488 (1975).

[3] *Smoot*, unpub op at 11.

[4] See, e.g., *People v Schaw*, 489 Mich 922, 922-923 (2011) (MARILYN KELLY, J., dissenting); accord *People v Richardson*, 489 Mich 940 (2011) (order of the Court denying leave to appeal but chastising the prosecutor for her behavior during the defendant's trial).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 9, 2012

d0306

Clerk